**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GEORGE ELLIS and DEBRA ELLIS, | : | No. 3:11cv329 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| MARRIOTT INTERNATIONAL INC., | : | |
| Defendant | : | |

## MEMORANDUM

Before the court is defendant's motion to dismiss (Doc. 7) and plaintiffs' motion to amend the complaint (Doc. 9). Defendant Marriott International Inc. ("Marriott") argues that the plaintiffs' complaint should be dismissed, or in the alternative, the case should be transferred to the United States District Court of Hawaii pursuant to 28 U.S.C. § 1404. The matter is ripe for disposition and for the reasons stated below, this court will transfer the case to the District of Hawaii.[1]

**Background**

This case arises from a personal injury sustained by Plaintiff George Ellis at a Hawaii hotel. On February 18, 2009, George Ellis was a guest at Marriott Kauai Resort, in Kalapaki Beach, Hawaii. (Compl. ¶¶ 3, 7 (Doc. 1)). He slipped and fell on wet tile upon entering a hotel restaurant. (Id. ¶ 8). HPTMI Hawaii, Inc. owns the hotel. (Doc. 7, Ex. A ¶ 9). HPTMI Hawaii is an independently operated entity and is not affiliated with Marriott or any of its subsidiaries. (Id. ¶ 11). Essex House Condominium Corporation ("Essex") manages the day to day operations of the hotel. (Doc. 7, Ex. A ¶

---

[1] Because we will transfer this case, the court will not address the other arguments raised by Marriott in its motion to dismiss or plaintiffs' motion to amend the complaint.

10). Essex is a subsidiary of Marriott.  (Id. ¶ 12).

On February 18, 2011, plaintiffs filed their complaint against Marriott. (Doc. 1).  Plaintiffs George Ellis, along with his wife Debra Ellis, allege negligence and loss of consortium.  On June 13, 2011, Marriott filed a motion to dismiss plaintiffs' complaint for insufficient service, insufficient pleadings and forum non conveniens.  (Doc. 7).  In the alternative, Marriott argues that this case should be transferred to the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 1404 ("Section 1404").  (Id.)  On June 29, 2011, this court issued an order directing plaintiffs to file a brief in opposition to the motion to dismiss, as the deadline for its filing passed.  (Doc. 8).

On July 9, 2011, plaintiffs filed a motion to amend their complaint to modify the allegations against Marriott, as well as to add an additional defendant, Essex.  (Doc. 9).  In plaintiffs' brief in support of the motion, they did not address the issues raised in Marriott's motion to dismiss/transfer.  On July 20, 2011, Marriott filed a brief in opposition to the motion to amend the complaint (Doc. 10), bringing the case to its present posture.

**Jurisdiction**

This court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  The plaintiffs are residents of Pennsylvania, and the defendant is a corporation with its principal place of business in Maryland.  Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Discussion**

Marriott argues that the plaintiffs' complaint should be dismissed, or in the alternative, be transferred to the United States District Court for the District of Hawaii.  Marriott argues that the premises where the accident occurred, the witnesses and the relevant hotel and medical records are all located in Hawaii.  Marriott contends the private and public interest factors relevant to the consideration of transferring the case to another district weigh in the favor of transferring the case to the District of Hawaii.  We agree.

Marriott brings this motion pursuant to 28 U.S.C. § 1404(a), which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The party making the motion to transfer has the burden of establishing the need for transfer.  <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879 (3d Cir. 1995).  Courts consider a variety of factors in determining the proper forum, and "[w]hile there is no definitive formula or list of the factors to consider . . . courts have considered many variants of the private and public interests protected by the language of § 1404(a)."  <u>Id.</u>  It is within the district court's discretion to transfer a case to another district.  <u>In re United States</u>, 273 F.3d 380, 387 (3d Cir. 2001).

The Third Circuit Court of Appeals articulated several factors for a district court to consider in determining whether to transfer a case, including both "private" and "public" interest factors. The "private interest" factors include: plaintiff's forum preference as manifested in the original choice; defendant's preference; whether the claim arose elsewhere; the

convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses–but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that files could not be produced in the alternative forum). Jumara, 55 F.3d at 879 (citation omitted).

The "public interest" factors are: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious or inexpensive; the relative administrative difficultly in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80.

Marriott, which has the burden of proof as to why transfer is necessary, points to several factors supporting such action. Under the private factors, Marriott argues that the plaintiffs' forum preference should not be given much deference because all of the relevant facts pertaining to this cause of action arose in Hawaii. Marriott also argues that Hawaii is the most convenient venue for this action because all of the key liability witnesses are located in that district. Hotel staff, security, supervisors, managers, support staff and the medical providers who treated Plaintiff George Ellis' injuries are all located in Hawaii. Marriott also notes that evidence related to the personal injury, such as the investigative paperwork and medical records, are also in Hawaii.

In support of the public interest factors, Marriott argues that as a practical consideration, it would be less expensive and more efficient for witnesses and documents to be transported to trial in the District of Hawaii

4

rather than to Pennsylvania.  Marriott also refers the 2009 Judicial Caseload profile for the District Court for the Middle District of Pennsylvania, the local interests in the Hawaii incident and the District Court of Hawaii's familiarity with Hawaii state law.  Marriott contends that the enforceability of judgment and the public policy factors do not weigh in favor of either forum.

Plaintiffs did not respond to Marriott's motion to transfer venue.  Following the submission of defendant's motion to dismiss/transfer, plaintiffs filed a motion to amend their complaint and did not put forth any arguments opposing Marriott's motion to dismiss or transfer.

This court will grant Marriott's motion to transfer the case.  In consideration of the following relevant factors, we find that venue would be appropriate in the District of Hawaii.  We note that without the plaintiffs' response to the motion to transfer, we cannot definitively say that no substantial events relevant to this case occurred in Pennsylvania.  As this case involves a personal injury, we do not know to what extent, if any, Plaintiff George Ellis' received treatment in Pennsylvania or whether testimony of medical professionals located in Pennsylvania would be relevant to the present case.  We ordered plaintiffs to respond to defendant's motion to dismiss after they failed to file a timely brief in opposition. (Doc. 8).  Plaintiffs responded by filing a motion to amend their complaint.  Having full opportunity to contest transferring venue, we will not speculate as to plaintiffs' arguments for this court retaining jurisdiction.  Instead, we will weigh the private and public interest factors based on the record before the court.

In first considering the private interest factors, we find that they favor

transfer. Plaintiffs' forum preference "as manifested in the original choice" demonstrates their desire to pursue this action in the Middle District of Pennsylvania. Jumara, 55 F.3d at 879. Plaintiffs understandably wish to pursue their cause of action in their home forum, as they reside in Pennsylvania. However, Marriott indicates that the personal injury claim "arose elsewhere," in Hawaii. Where none of the operative facts of the action occurred in the plaintiff's chosen forum, the choice is afforded less weight. Hillard v. Guidant Corp, 76 F. Supp. 2d 566 (M.D. Pa. 1999) (citing Fitzgerald v. Cent. Gulf S.S. Corp., 292 F. Supp. 847, 849 (E.D. Pa. 1968)).

Next, we consider the convenience of the parties as relative to their physical and financial condition. We are unaware of plaintiffs' ability to litigate their claims in Hawaii. In their complaint, they allege that the plaintiff sustained permanent and serious injuries. It is possible that plaintiff may not be physically or financially capable of traveling to Hawaii for trial.

We must also consider the convenience of non-party witnesses and the extent that they may be unavailable for trial. Marriott argues that several witnesses are located in Hawaii, including hotel staff, security and a medical doctor who treated Plaintiff George Ellis after his injuries. Marriott also argues that no hotel representatives are located in Pennsylvania who can offer any substantive testimony in this matter. We must consider the inconvenience of these witnesses to the extent that they may actually be unavailable for trial in Pennsylvania. Federal Rule of Civil Procedure 45(e)(1) provides that witnesses may be compelled to appear unless they reside more than one hundred (100) miles from the court at which the trial is held. See Fed. R. Civ. P. 45(e)(1). The witnesses in the present case are

located over one hundred (100) miles from the District Court for the Middle District of Pennsylvania. Therefore, the witness may be unavailable for trial, which weighs in favor of transferring the case to Hawaii. Finally, the hotel and the physical evidence are located in Hawaii which weighs in favor of transfer.

Addressing the public interest factors, we again find that transfer is warranted. First, we agree with the defendant that the enforceability of the judgment and the public policy factors do not weigh in favor for or against transfer. We also find no administrative difficulty in this forum. Second, the practical considerations of the expense, efficiency and expedience of holding the case for a personal injury sustained in Hawaii weighs in favor of transfer. Third, the local interest in deciding a Hawaii controversy involving a Hawaii resort weighs in favor of transfer. Finally, if Hawaii law were to apply to the instant case, the Hawaii district court would be more familiar with Hawaii state law.

In consideration of all of these private and public interest factors, we find that Marriott has satisfied its burden, as movant, that the convenience of the parties or the interest of justice would be served by transferring this case to the District of Hawaii.

**Conclusion**

For the reasons stated above, the court will grant Marriott's motion to transfer venue. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GEORGE ELLIS and DEBRA ELLIS,** | : | No. 3:11cv329 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| **MARRIOTT INTERNATIONAL INC.,** | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 19th day of December 2011, the defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404 (Doc. 7) is hereby **GRANTED**. The Clerk of Court is ordered to **TRANSFER** the matter to the United States District Court of Hawaii and **CLOSE** the case in this jurisdiction.

                                                 **BY THE COURT:**

                                                 **James M. Munley**
                                                 **JUDGE JAMES M. MUNLEY
                                                 United States District Court**